NO. 8824

COURT OF APPEAL

PARISH OF ORLEANS

-----

CERILLE ABADIE

VS.

R. LEE.

----

Court of Appeal
Parish of Orleans

315723

Dinkelspiel; J.

This suit is for rent claimed by plaintiff against the defendant, the amount involved being for three weeks rent at five dollars per week.

A reconventional demand was filed by defendant claiming the sum of $295.40, and the first exception raised by plaintiff on the reconventional demand, there being no dispute virtually as to the amount of rent claimed by plaintiff, is that the reconventional demand under the law, is not within the control of the City Court under the Article of the Constitution of 1921, Sec. 91, Art. 7, which reads as follows:

"Said Court shall have exclusive jurisdiction in in all cases when the amount in dispute or the fund to be distributed does not exceed one hundred dollars,          exclusive of interest, including suits for the xx ownership or possession of movable property not exceeding that sum in value, and including suits by landlords for possession of leased premises, when the monthly rent does not exceed one hundred dollars, and in cases of lease for a longer term than a month when the price of the unexpired term of the lease at the time of filing suit does not exceed one hundred dollars in amount.

Said Court shall also have jurisidction concurrently with the Civil District Court of all suits for moneyed demands above one hundred dollars and not exceeding three hundred dollars, exclusive of interest."

The Article quoted is plain and unambiguous and gives the First City Court of New Orleans control of suits of the character now in controversy.

Questions of fact, irrespective and independent of the Articles quoted above are only involved in this case, and as usual much controverted testimony, and witnesses pro and con were heard and the Judge of the lower Court having seen and heard the witnesses was in a better position than we are to judge of the

truthfulness of their testimony.

Whether or not plaintiff had the right to close up defendant's shop, whether he did so or not are matters in dispute, together with the fact whether or not he did this and under what circumstances. Defendant contends,/that plaintiff without any authority or right, nailed boards across the opening of his place of business, prevented him thus from entering his own place, dropped off the employees of the defendant and injured his business so that he was compelled to remove from the establishment and set up elsewhere in the city of New Orleans in order to do his business, and otherwise and in every way injured, in fact virtually ruined his business. On the other hand plaintiff and his witnesses testify that it was only after the defendant had removed all his tools and instruments and after he had abandoned the premises and after the place had been rented to another tenant, that the tenant who rented the place in order to protect himself against any suit that might be brought, had the place nailed up and finally went into it; that there was nothing there except the property mainly belonging to plaintiff.

It would be futile for us to enter into this contraverted question of fact. The Court aquo heard and saw the witnesses and he was undoubtedly the better judge, having better opportunities than we have, to know whether or not the parties in interest and their witnesses were telling the truth, and we are of the opinion that his judgment in this case giving the plaintiff the fifteen dollars demanded for rent and deciding that the reconventional demand to the extent of fifty dollars should be allowed defendant was correct in every particular.

For the reasons assigned it is ordered, adjudged and decreed that the judgment of the Court aquo be and the same is hereby affirmed, costs of both Courts to be paid by plaintiff.

Judgment affirmed.